UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

STEPHEN D. L'ABBE

            Plaintiff,

v.

OFFICER WIEDEMANN, et al.,

            Defendants.

Case No. 1:14-CV-00336-EJL-REB

**REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE**

Pending are two motions to dismiss and a motion to strike filed by various of the Defendants (Dkts. 12, 16, and 21), referred to this judge by U.S. District Judge Edward J. Lodge. (Dkt. 23).[1]  Having reviewed the record and the briefing of the parties, the Court concludes that the motions can be considered without oral argument.  The Court now issues the following final orders on two motions (Dkts. 3 and 21), pursuant to 28 U.S.C. § 636(b)(1)(A), and a Report and Recommendation to Judge Lodge as to the two Motions to Dismiss.[2]

## BACKGROUND

---

[1] Counsel for Defendant Oths also filed a Motion for an Extension of Time in which to file an answer or responsive pleading. (Dkt. 3). The motion has not yet been ruled upon. Because the motion was unopposed, and because the Defendant filed his Motion to Dismiss on the last day of period covered by the proposed extension, the Court will retroactively grant the motion.

[2] 28 U.S.C. § 636(b)(1)(A) describes the matters which magistrate judges are authorized to decide when the case is referred by a district judge. Dispositive motions, such as motions to dismiss, are not among those but under 28 U.S.C. § 636(b)(1)(B), a magistrate judge may issue a report to the district judge containing recommendations for the resolution of dispositive motions.

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 1

In 2014, Plaintiff Stephen D. L'Abbe was cited for, and found guilty of, two minor traffic infractions, both for the same offense – for violating Idaho's mandatory seat belt rule. L'Abbe sues two police officers, a prosecuting attorney, and an Ada County Magistrate Judge, all of whom he alleges were involved in the prosecution or resolution of the underlying seat belt charges. His allegations are not easily understood, but the Court can discern that he claims violations of his constitutional rights stemming from the prosecution and decision upon these charges in the state judicial system.

L'Abbe's primary argument challenges the authority of the State of Idaho to prosecute him for traffic infractions. His primary theory is that the state of Idaho is merely a corporate entity with no authority to set penalties for traffic infractions and other criminal laws, and no authority to operate a judicial system to enforce those laws. (Complaint, Dkt. 1, p. 1-4).  L'Abbe also alleges that the Defendants unlawfully denied him access to the Courts and violated the Seventh Amendment by refusing to allow him a jury trial on the underlying infractions. (Complaint, p. 2). According to L'Abbe, the state court magistrate judge who was involved with the case violated L'Abbe's Due Process rights by assuming all at once "the role of judge, jury, and executioner." (*Id.* at p. 3). Summarized, L'Abbe's complaint stems from his belief that the State of Idaho is not a legitimate sovereign entity and, as such, has no power to police his driving conduct, or prosecute or punish alleged violations of motorist or motor vehicle laws which are functions that are typically the province of sovereigns.

L'Abbe has been persistent in making such arguments in this federal court. On two

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 2

prior occasions, he attempted to remove to federal court the proceedings of two other state criminal cases in which he was being prosecuted for minor traffic violations. The most recent example, *State of Idaho v. L'Abbe,* Case No. 1:13-cv-00446-BLW, was dismissed for failure to pay the filing fee. In the other, also entitled *State of Idaho v. L'Abbe,* Case No. 1:12-CV-00519-BLW, Plaintiff was advised that he could attempt to plead his claim as one for habeas corpus, but ultimately the complaint was dismissed because he could not establish a basis for the federal court to intervene in a state court criminal action. (Dkt. 3). His arguments in this case are similar, but the underlying traffic violations charges are different.

The pending motions to dismiss contend that L'Abbe's claims are barred by the *Rooker Feldman* doctrine. In addition, Defendant Michael Oths, the Fourth District Magistrate Judge involved in L'Abbe's state court case, also relies upon the doctrine of judicial immunity. Immunity is also raised by the two police officers and the prosecuting attorney who have been named as defendants, who seek the protection of (depending upon their positions) qualified immunity, quasi-judicial immunity, or prosecutorial immunity.

## LEGAL STANDARDS

### A. Motions to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12, a

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 3

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint fails to state a claim for relief if the factual assertions in the complaint, taken as true, are insufficient to plausibly support "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Dismissal is appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts"). "Although Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff's complaint contain 'a short and

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 4

plain statement of the claim showing that the pleader is entitled to relief,' by going beyond the bare minimum, a plaintiff may plead herself out of court." *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir. 1995) (quoting *Thomas v. Farley,* 31 F.3d 557, 558–59 (7th Cir. 1994)).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and any document referred to in (even if not appended to) the complaint, where authenticity is unquestioned. *Id*. at 622-23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records of other courts and reports of administrative bodies. *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

### B.     The Rooker Feldman Doctrine.

The *Rooker-Feldman* doctrine stems from principles of federalism: a plaintiff cannot appeal to a federal district court when his claims have been decided by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine recognizes that "federal district courts lack jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The doctrine was explained by the Ninth Circuit in *Noel v. Hall*, 341 F.3d 1148 (9th Cir.

2003):

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.

*Id*. at 1155. This jurisdictional bar applies to direct appeals from state court judgments, *de facto* appeals from state court judgments, and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."*Id.* 341 F.3d at 1158; *see also Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005).

The Rooker–Feldman doctrine is inapplicable where the complaining party did not have a full and fair opportunity to litigate a claim in state court or where the state court demonstrated inability or unwillingness to protect federal rights. *Robinson v. Ariyoshi,* 753 F.2d 1468 (9th Cir. 1985) (*judgment vacated and remanded on other grounds*, 477 U.S 902 (1986)). This exception, however, is only triggered if a state court "explicitly refused to hear federal constitutional claims," and not when the state court  considered and rejected those claims. *Partington v. Gedan,* 961 F.2d 852, 865 (9th Cir.1992). If a state court was jurisdictionally barred from considering the federal claims, Rooker–Feldman likewise does not apply. *Mullins v. Oregon, 57 F.3d 789, 792–93* (9th Cir.1995) (holding that Rooker–Feldman does not bar a federal suit challenging, on constitutional grounds, the decision of a juvenile court that has no jurisdiction to consider

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 6

constitutional claims). The Rooker-Feldman also does not attach when the underlying state court judgement is alleged to have been procured by fraud. *Normandeau v. City of Phoenix*, 516 F.Supp.2d 23 1054 (D. Arizona 2005). However, generalized allegations of malfeasance are not sufficient to invoke this exception. Rather, a plaintiff must point to an "illegal act or omission by an adverse party" that effectively prevented him from presenting her claim to the state court. *Id.*

## ANALYSIS

### I. Documents the Court Will Consider.

L'Abbe's initial filing contained two documents: (1) his "Notice of Appeal," also referred to as a "Complaint–Title 42;" and (2) a document he calls an "Affidavit of Facts" (Dkt. 1 & 1-2). The Court will consider both of these documents together in considering the motions to dismiss, despite the argument that only the first should be considered. Pro se pleadings are liberally construed, and the Court will not draw distinctions for purposes of a dispositive motion based upon whether L'Abbe put everything into one document, or divided the information into two documents. *See, e.g., Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 698-99 (9th Cir. 1988) (pro se appellant's failure to comply with formal requirements did not justify dismissal); *Lim v. INS*, 224 F.3d 929, 934 (9th Cir. 2000) (same).

### II. Rooker Feldman Doctrine

As to the substantive question, the Court concludes that the Rooker-Feldman doctrine bars Plaintiff's claims. Even the fact that L'Abbe has entitled his papers (at least

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 7

in certain places) as a "Notice of Appeal" illustrates that he is, in fact, attempting to do exactly what Rooker Feldman prohibits, i.e. use the federal courts as a vehicle to appeal or overturn earlier state court judgments. That he is seeking review of a state court judgment is also apparent from the body of his complaint, which contains an extensive section entitled "Points of Appeal," detailing his allegations about the allegedly unconstitutional actions of the Idaho State court system. However, even if one disregards this label and instead views the case as an attempt to raise independent civil rights claims, the result would be the same. Though L'Abbe does not specifically describe the relief he is requesting, he states that he has raised his constitutional challenges"from the outset." (Dtk. 1. P. 2 ¶a). Thus, it is apparent that he is asking this Court to pass on issues that were already considered by the state court in the underlying traffic infraction cases, and thus, the issues in this case are "inextricably intertwined" with the underlying state court cases. If he, in fact, raised such challenges from the outset, then his appeal of any adverse decision on such challenges is through the state court system, and then to the U.S. Supreme Court – not to a federal district trial court.

Further, none of the exceptions to Rooker Feldman apply here. L'Abbe's central argument–that the State of Idaho is not a legitimate constitutional entity with the power to enforce its criminal laws over L'Abbe and other citizens like him–is not sufficient to invoke the exception for situations in which a state court lacked jurisdiction to decide a particular case. L'Abbe apparently believes that Idaho State Courts are not empowered to decide questions of federal constitutional law; however, this conclusion is simply wrong.

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 8

In the American system, federal courts are the courts of limited jurisdiction, having jurisdiction over just two primary categories of cases: those based on federal law, and those involving citizens of two different states where more than $75,000 is at stake. *See, e.g. Colson v. Portland Adventist Medical Cntr.,* 2015 WL 5232465 (D. Oregon 2015). State courts are courts of general jurisdiction and therefore can exercise jurisdiction over a much wider variety of cases, claims, and issues, including claims or defenses arising under the federal constitution. Thus, this case is not like *Mullins v. Oregon,* 57 F.3d 789, 792–93 (9th Cir.1995), in which the Ninth Circuit held that federal courts could hear grandparents' arguments that they had a constitutionally protected liberty interest in the adoption of their grandchildren. The Ninth Circuit reached this result because the Oregon juvenile court system was empowered only to decide custody issues, not to adjudicate constitutional claims. Here, L'Abbe's argument is not so much that the State of Idaho somehow overstepped its legitimate jurisdictional authority or that it lacked the authority to decide a specific type of question, but rather, that the State of Idaho is not a legitimate entity at all, a conclusion that is also patently wrong. The principle of federal court deference to state court judgments that Rooker Feldman embodies would be eviscerated if such thinking could be used to invoke the exception.[3] Nor are L'Abbe's generalized

---

[3] This is not the first time L'Abbe has advanced arguments regarding the State of Idaho's lack of authority in recent years. A recent decision of the Idaho Court of Appeals (which arose from a speeding ticket as opposed to a parking ticket) addresses the very arguments that L'Abbe makes here. *State of Idaho v. L'Abbe,* 156 Idaho 317 (Ct. App. 2014). In affirming L'Abbe's conviction, the Idaho Court of Appeals engaged in a painstakingly thorough analysis setting forth the various reasons why the State of Idaho is a lawful sovereign entity with full authority to prosecute crimes occurring within its jurisdiction, including traffic infractions. This Court agrees

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 9

allegations of corruption and malfeasance sufficient to invoke the fraud exception. Nothing else in his pleadings suggests that any of the other exception to the Rooker Feldman doctrine might remotely apply.

In short, even putting aside the fact that he has entitled his pleadings as a "Notice of Appeal," nothing in Mr. L'Abbe's pleadings suggests that the instant case is anything other than a de facto appeal of his state court conviction for a traffic violation. If this Court were to adjudicate the claims before it in Mr. L'Abbe's favor, it would effectively be declaring the state court judgment void. Therefore, by definition, this case is "inextricably intertwined" with the underlying traffic infraction case, and the very type of claim that Rooker Feldman prohibits. Therefore, the undersigned recommends that the case be dismissed in its entirety.

### III. Additional Grounds for Dismissal–Rule 12(b)(6)

Alternate grounds also exist for dismissing the complaint as to all Defendants. Although Defendants argue for dismissal largely based on Rooker-Feldman and immunity issues, it is also apparent that the Complaint simply does not state claims upon which relief can be granted. Indeed, as Defendants argue, it is Mr. L'Abbe's Complaint and responsive briefing fail to specify exactly what acts or omissions on the part of the Defendants are alleged to have caused Mr. L'Abbe harm. Rather, the Defendants have all

---

wholeheartedly with that analysis.

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 10

been sued simply because they are members of a police force or court system that Mr. L'Abbe believes has no authority to either cite or prosecute him. However, these constitutional arguments are either patently incorrect, or so vague as to be virtually unintelligible.  L'Abbe also invokes the Due Process Clause, as mentioned earlier, but again does not allege any specific conduct constituting a Due Process violation.  Hence, his invocation of that right is simply part and parcel of his wholesale attack on the authority of Idaho's courts. Somewhat easier to parse is L'Abbe's claim that the Idaho court violated his Seventh Amendment right to trial by jury. However, he has no such right to a jury trial for an infraction or petty offense, regardless of whether he seeks to invoke the Sixth Amendment's provisions establishing a right to a jury trial in criminal cases, or the Seventh Amendment's establishment of the right in civil cases.  *See, e.g. Frank v. United States,* 385 US 147 (1969); *United States v. Stanfill EL*, 714 F.3d 1150 (9th Cir. 2013).

Accordingly, on grounds independent of the Rooker-Feldman doctrine, dismissal of the Complaint under Rule 12(b)(6) is appropriate as to all Defendants.

IV.   **Immunity Defenses**

All that remains, then, is the various immunity defenses the Defendants have raised. The undersigned concludes that there is no need to address such defenses, when the Complaint should be dismissed on other grounds, as described above.  In the circumstances, the Court recommends that the issues raised by the immunity defenses be deemed mooted.

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 11

## V.     Dismissal Should Be Without Leave to Amend

Finally, the Court recommends that this case be dismissed ***without*** leave to amend. Though this Court continues to employ the policy of allowing liberal amendment of complaints even after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), outright dismissal is appropriate where it appears that a Plaintiff cannot prove any set of facts that would be sufficient to state a claim. *See, e.g. Bach v. Ehrler,* 2015 WL 5679741 at n. 1 (D. Idaho 2015). Given that the Complaint consists mainly of a patently erroneous challenge to the authority of Idaho's courts, the Court cannot conceive of any set of facts that would take this case out of the purview of the Rooker Feldman doctrine, or that would otherwise raise a cognizable claim for relief.

Review of the docket and Plaintiff's additional filings only solidifies the Court's conclusion that the case should be dismissed without leave to amend. In addition to his original Complaint/Notice of Appeal and his opposition to the motions, L'Abbe has filed two additional documents, one purporting to be an Amended Complaint (Dkt. 20), and the other entitled a "Demand for Constitutional Judge." (Dkt. 25). The proposed Amended Complaint was filed on September 10, 2015, more than 21 days after the Defendants filed their Motions to Dismiss, and was therefore untimely pursuant to Rule 15(a)(B). The Court will therefore grant the City Defendants' Motion to Strike (Dkt. 21). Nevertheless, in deference to L'Abbe's pro se status, the Court has reviewed his proposed amended complaint, in the context of deciding whether the dismissal of the original Complaint

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 12

should be with or without leave to amend. However, both the proposed Amended Complaint and the "Demand for Constitutional Judge" simply repeat the same themes and arguments that L'Abbe has raised all along. Accordingly, the Court recommends that the District Court dismiss the case <u>without</u> leave to amend.

## ORDER & RECOMMENDATION

1. The undersigned hereby recommends that the Motions to Dismiss (Dkt. 12 and 16) be **GRANTED,** and that the case be dismissed <u>without</u> leave to amend.

2. The Motion to Strike (Dkt. 21) is hereby **GRANTED.**

3. Defendant Oths' Motion for an Extension of Time (Dkt. 3) is hereby **GRANTED.**

4. As to the Motions to Dismiss (Dkts. 12 and 16), which are the subject of the undersigned's Report and Recommendations, a party may file written objections to the recommendations. Such objections must be filed within fourteen (14) days of the date of this Report, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. If a party fails to raise objections in such a manner and time, that party may waive the right to raise factual or legal

objections by appeal to the United States Court of Appeals for the Ninth Circuit.



DATED: **February 18, 2016**

_Ronald E. Bush_ (signature)

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

REPORT ON MOTIONS TO DISMISS AND ORDER ON MOTION TO STRIKE - 14