UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN D. L'ABBE,<br><br>           Plaintiff,<br><br>    v.<br><br>OFFICER WEIDEMANN, ET AL.,<br><br>           Defendants. | Case No. 1:15-CV-0236-EJL-REB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On February 18, 2016, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation in this matter. Dkt. 27. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. On March 2, 2016, Plaintiff Steven D. L'Abbe filed his Objection entitled Brief in Rebuttal continuing title 42 U.S.C. @1983 to Recommendation on Motion to Dismiss and Purposed Order on Motion to Strike. Dkt. 29.  No response to the objection was filed by Defendants.  Therefore, the matter is now ripe for this Court's review.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where,

however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .
>
> *See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

## ANALYSIS

The Court incorporates by reference the factual background, legal standards and analysis of Judge Bush set forth in the Report and Recommendation.

The Court has reviewed the Objection of Plaintiff. The objection is difficult to discern, but since Plaintiff is proceeding as a pro se litigant and is not trained in the law, the pleading will be liberally construed. *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall,* 454 U.S. 364, 365, (1982) (per curiam)). However, Plaintiff is reminded pro se litigants are held to same

**ORDER - 2**

procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff mistakenly believes this Court has access to all state court filings. This is not the case and it is Plaintiff's duty to provide copies of necessary documents to support his claims. The Court is bound by the record before it, not the state court record it does not have access to.

Plaintiff's objection focuses on attacking the courts, the judicial system, the prosecutors and the police officers involved in the underlying of the state action. In the Objection Plaintiff also expands his complaints against the judicial system to include Judge Bush's rulings. Plaintiff is certainly entitled to his own personal beliefs regarding the judges assigned to his cases, but Plaintiff has not made the requisite showings to establish actual bias or prejudice on the part of a judge handling his federal case. *See* 28 U.S.C. § 144; 28 U.S.C. § 455.

Additionally, the state court judge as well as Judge Bush and undersigned judge are entitled to absolute immunity when they act in their official capacities. The Court understands the Plaintiff objects and disagrees with the state court judge's rulings and Judge Bush's recommendation to dismiss his 42 U.S.C. § 1983 claims in this case. However, a state court district judge is entitled to absolute judicial immunity for his or her judicial actions. *Stump v. Sparkman*, 435 U.S. 349 (1978). Disagreement with court orders does not create an exception to the doctrine of judicial immunity. Judicial immunity is necessary to the proper administration of justice and having a judicial officer exercise the authority vested in that office. *Bradley v. Fisher*, 13 Wall. 335, 347 (1871).

**ORDER - 3**

Here, Judge Oths was clearly acting in a judicial capacity in issuing orders in the state case involving Plaintiff and as such Judge Oths would be entitled to absolute immunity under § 1983. The Plaintiff's objection is denied and the claims against Judge Oths must be dismissed.

The Rooker-Feldman Doctrine also prevents this Court from ruling on Plaintiff's Notice of Appeal, which is an attempt to appeal the state court case rulings to federal court. *See Rooker v. Fidelity Trust Co.*, 262 U.S. 413 (1923), *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Plaintiff's claims that the state court violated his Constitutional rights (i.e., that as a defendant he did not understand the nature and cause of action against him) must be challenged in the underlying state court case, not in federal court. A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303 (1983). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). Plaintiff may not like or agree with the state court appellate system, but that is where his needs to challenge the state court rulings and if unsatisfied, appeal the Idaho Supreme Court ruling to the United States Supreme Court.

**ORDER - 4**

This Court also agrees with Judge Bush that none of the exceptions to the Rooker Feldman doctrine apply to Plaintiff's Notice of Appeal. Plaintiff's objection also includes an attack on the court's jurisdiction over "non-corporate" entities. The jurisdiction of the state courts to preside over the prosecutions of criminal matters involving individuals is well-established. Each state in the United States has courts of general jurisdiction. The state constitutions allow for the establishment of the court system. Idaho is no exception. See Art. V of the Idaho Constitution which sets forth the judicial power of the state by the Idaho Supreme court, district courts and other inferior courts established by the legislature. Magistrate Judges are included within the scope of inferior courts established by the legislature. Moreover, any challenges to personal jurisdiction over the Plaintiff on the state criminal matters must be raised in the state court proceedings -- not as an independent federal action.  L'Abbe's should be aware this argument has been rejected based on the detailed opinion in *State of Idaho v. L'Abbe*, 324 P.3d 1016 (Idaho 2014). The Court need not restate this well-reasoned analysis.

As to Plaintiff's objection to Judge Bush's Order on the Motion to Strike (Dkt. 28), the Court finds Plaintiff has failed to show how the magistrate judge's ruling was clearly erroneous or contrary to the law as required by 28 U.S.C. § 636 (b)(1)(A). Therefore, the objection is denied.

The Court having reviewed the Report and Recommendation and the record in this matter as well as Plaintiff's objection, finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation is well-founded in the law

based on the facts of this particular case and this Court is in agreement with the same. Plaintiff's objections are denied. Plaintiff has failed to state a claim upon which relief can be granted in federal court and the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, amendment would be futile so the Court will not grant Plaintiff leave to amend.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 27) shall be **INCORPORATED** by reference, **ADOPTED** in its entirety and ordered as follows:

1. Defendants' Motion to Dismiss (Dkts. 12 and 16) are **GRANTED** and this case is **DISMISSED IN ITS ENTIRETY**.

2. Plaintiff's Objection to Judge Bush's Order and Report and Recommendation (Dkt. 29) is **DENIED.**

DATED:  **March 28, 2016**

Honorable Edward J. Lodge
U. S. District Judge